IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAZEN SHAHIN and NINA SHAHIN, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> CITY OF DOVER, DELAWARE, : <br> CARLETON E. CAREY, SR., and : <br> CHERYL A. RUSSELL, : <br> : <br> Defendants. : | Civ. No. 12-604-LPS |

Mazen Shahin and Nina Shahin, Pro Se, Dover, Delaware.

    Plaintiffs.

William W. Pepper, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware.

    Attorneys for Defendants.

**MEMORANDUM OPINION**

March 14, 2014
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiffs Mazen Shahin ("Mazen") and Nina Shahin ("Nina") ("together Plaintiffs") filed this action on May 15, 2012, against Defendants City of Dover, Delaware ("Dover"), Carleton E. Carey, Sr. ("Carey"), and Cheryl A. Russell ("Russell") ("collectively Defendants"), alleging national origin and race discrimination in the assessment of real property in violation of Title VI of the Civil Rights Act of 1964, as amended, and Title VIII, the Fair Housing Act.[1] (D.I. 1) Presently before the Court are Plaintiffs' motion for an extension of time (D.I. 13) and motion for sanctions[2] (D.I. 26), as well as the parties' cross-motions for summary judgment (D.I. 19, 20). For the reasons that follow, the Court will deny all motions as moot and will dismiss the Complaint for lack of subject matter jurisdiction.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On April 20, 2010, Plaintiffs filed an annual appeal to the City of Dover Board of Assessment ("the Board") contending that their property located in Dover, Delaware on

---

[1] The Complaint does not indicate under which sections of the Acts Plaintiffs proceed.

[2] The Court has reviewed Plaintiff's motion and finds it frivolous. Plaintiffs corresponded with the Court on September 12, 2013, seeking clarification regarding the reply date for motions for summary judgment and whether Defendants received something they did not, which Plaintiffs posit resulted in different treatment by the Court. (*See* D.I. 28) Plaintiffs sent a second letter on September 27, 2013, wherein they stated, "[if] the Plaintiffs would not get a written response from either of you they would consider the silence as collusion between the Judge and the attorney." (*See* D.I. 31) The Court has reviewed the exchanges between Plaintiffs and Defendants and, had Plaintiffs reviewed the docket entry for Docket Item 12, they would have seen that Defendants referenced it with regard to the reply brief due. No documents have been provided to Defendants that were not also provided to Plaintiffs. Regardless, the discrepancy in the reply brief due date as contained in the Courts's scheduling order (D.I. 8 at ¶ 4) and the docket entry (D.I. 23) caused no prejudice to Plaintiffs.

1

Shinnecock Road in the Fox Hall West subdivision was over-assessed.[3] *See Shahin v. City of Dover*, 2011 WL 704490, at *1 (Del. Super. Ct. Feb. 28, 2011). On May 3, 2010, the Board denied the appeal and Plaintiffs filed an appeal with the Superior Court of the State of Delaware in and for Kent County pursuant to 9 Del. C. § 8312 and Superior Court Civil Rule 72. *Id.* Plaintiffs raised several issues on appeal including the alleged arbitrary assignment of values to "foreign-born" owners and unjustified assessments to increase City administrator's salaries. *See id.* at *2. The Superior Court found the claims of discrimination against foreign-born homeowners and the unjustified increase in top city official's salaries were merely conclusory allegations not based in fact or reason, noting that Plaintiffs had introduced no evidence to support the claims. *See id.* at *2-3. The Superior Court dismissed both claims. *See id.* at *2. Furthermore, the Superior Court found that Plaintiffs failed to present competent evidence that there was a substantial overvaluation and, therefore, affirmed the Board's decision. *Id.*

Plaintiffs appealed to the Supreme Court of the State of Delaware. *See Shahin v. City of Dover*, 2011 WL 4055405 (Del. Sept. 12, 2011). The Delaware Supreme Court affirmed the Board's decision and, because the claim of discrimination on the basis of national origin was not presented to the Board in the first instance, declined to address it for the first time in the appeal. *See id.* at 2.

---

[3]The City of Dover increased the 2010 assessed value of the property from the 2009 assessment to $286,700, specifically $90,600 for the land and $198,100 for the improvement. As a result, Plaintiffs' property tax increased from $839.85 in 2009 to $968.47 in 2010. Plaintiffs sought a reduction in the assessment of the property to $150,000 based upon sale listings for properties near the property at issue and the fact that those properties failed to sell on the open market. *See Shahin v. City of Dover*, 2011 WL 704490, at *1 (Del. Super. Ct. Feb. 28, 2011).

Plaintiffs then filed a housing discrimination complaint on April 10, 2012 with the U.S. Department of Housing and Urban Development, which was forwarded to the Delaware Division of Human Relations for processing. (D.I. 1 Ex. 3) The housing discrimination complaint, Case Number 03-12-0203-8, alleged unlawful discrimination on the basis of Plaintiffs' national origin when their home at 103 Shinnecock Road, Dover, Delaware, was over-assessed in comparison to similarly situated homes occupied by American-born, perceived American-born, and Caucasian residents. (*Id.*) Plaintiffs alleged that the discriminatory value over-assessment of the home resulted in artificially inflated property taxes. Nina attempted to appeal and/or discuss the discriminatory value assessment, but her attempts were ignored. Plaintiffs allege that they were unlawfully subjected to different terms and conditions of housing on the basis of their national origin.

Plaintiffs filed the instant lawsuit on May 15, 2012, after the Delaware Division of Human Relations had taken no action within thirty days on the housing discrimination claim. (D.I. 1) Plaintiffs allege national origin and racial discrimination in the 2010 assessment of their property. The lawsuit is filed pursuant to Title VI of the Civil Rights Act of 1964, as amended, and Title VIII of the Fair Housing Act. Plaintiffs, who are of Egyptian and Ukrainian origins, respectively, filed this action "[s]ince the Supreme Court of Delaware refused to consider the issue of national origin and racial discrimination in its decision."[4] (*Id.*) The Complaint does not contain a prayer for relief. However, the civil cover sheet demands $500,000 (each).

---

[4]On September 19, 2013, the Court denied Plaintiffs' motion to certify a class. (*See* D.I. 9)

3

## III.    <u>SUBJECT MATTER JURISDICTION</u>

The Court has a continuing obligation to assess its subject matter jurisdiction and can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' Complaint and, therefore, must dismiss the Complaint.

The Tax Injunction Act prohibits a federal court from enjoining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Although § 1341 does not expressly preclude suits for damages, it is well settled that such claims are barred, either by the statute itself or by related "principles of comity" that predated, motivated, and survived the statute's passage. *See Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 102-03 (1981); *Gass v. County of Allegheny, Pa.*, 371 F.3d 134 (3d Cir. 2004); *Kerns v. Dukes*, 153 F.3d 96, 101-03 (3d Cir. 1998). In addition, "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts" so long as "plain, adequate, and complete" remedies are available in state court. *See McNary*, 454 U.S. at 116. "Taken together, the Tax Injunction Act and the Supreme Court's decision in *McNary* make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes . . . if a sufficient remedy . . . is available in state court." *Kerns v. Dukes*, 153 F.3d at 101 (3d Cir. 1998); *see also Hill v. Carpenter*, 323 F. App'x 167 (3d Cir. Apr. 22, 2009).

To satisfy this standard, a state remedy "must be procedurally adequate and provide a full hearing and judicial determination at which [Plaintiffs] may raise any and all constitutional

objections to the tax." *Kerns*, 153 F.3d at 103 (internal quotations marks omitted). The fact that a state remedy may no longer be available at the time Plaintiff seeks a federal remedy is irrelevant; the test is whether an adequate state remedy ever existed for the plaintiff. *See Sappington v. Pennsylvania*, 535 F.Supp. 429, 431 (E.D. Pa. 1982); *see also Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172, 175 (7th Cir. 1978) ("[T]he taxpayer's failure to win in state court or to use the remedy properly does not negate the existence of the remedy.").

Plaintiffs' allegations do not demonstrate that Delaware's "fully-developed administrative and judicial apparatus," by which a taxpayer may challenge an assessment of his property, is inadequate or unavailable. *See Hill*, 323 F. App'x at 171 (internal citation omitted). Moreover, challenges to Delaware state taxes suggest that Delaware state courts are fully capable of entertaining Plaintiffs' discrimination challenges and affording relief equivalent to that which could be had in federal court. *See, e.g., Kerns*, 153 F.3d at 103 (concluding that availability of Delaware Superior Court or Chancery Court to entertain constitutional challenge to sewer tax assessment precluded federal jurisdiction under § 1341); *see also M. Fierro & Sons, Inc. v. Division of Revenue*, 1988 WL 109306, at *1-2 (Del. Super. Ct. 1988) (upholding constitutionality of license tax statute on appeal from Tax Appeal Board, although noting that Appeal Board claimed to have lacked authority to declare a statute unconstitutional); *American Paving Co. v. Director of Revenue*, 377 A.2d 379, 380-81 (Del. Super. Ct. 1977) (upholding constitutionality of license tax on appeal from Tax Appeal Board, although noting that Appeal Board did not reach the issue of constitutionality); *Atlantic Richfield Co. v. Director of Revenue*, 346 A.2d 184, 186 (Del. Super. Ct. 1975) (upholding state constitutionality of license tax on appeal from Tax Appeal Board).

5

As is evident from Plaintiffs' Complaint, they had available to them through the Delaware courts a "plain, speedy, and efficient" remedy for challenges to the assessment of the real property taxes. Indeed, they took their challenge to the Delaware Supreme Court, and it affirmed the Board's actions in assessing Plaintiffs' property. It is clear from the Delaware State Court rulings that Plaintiffs could have presented their claims of discrimination. Moreover, nothing contained in the record indicates that the State courts could not have afforded them the relief they now seek.[5]

## IV. CONCLUSION

Because a "plain, speedy and efficient remedy" is available in the Delaware state courts, the Tax Injunction Act and related principles of comity preclude the exercise of subject matter jurisdiction that the Court might otherwise have been able to assert over Plaintiffs' Complaint. Accordingly, the Court will deny as moot Plaintiffs' pending motions and will dismiss the Complaint for want of subject matter jurisdiction.

An appropriate Order follows.

---

[5]Assuming arguendo that the Court could otherwise have exercised subject matter jurisdiction over Plaintiffs' Complaint, it is far from clear that Plaintiffs' claims come within the scope of the Fair Housing Act and are timely under Title VI.